IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JERRY A. LOWE,

              Plaintiff,

v.                                      CIVIL ACTION NO. 3:06-0647

RANDY SPEARS, in his
individual and official capacity as
a police officer for the City of Huntington, and
CITY OF HUNTINGTON, a municipal corporation,

              Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are motions for summary judgment brought by each defendant (Docs. 59 and 61). Because Officer Spears acted within reason in an attempt to take Lowe into custody, and for reasons further explained below, there remains no basis for the plaintiff's claims. The Court **GRANTS** summary judgment to both Officer Spears and the City of Huntington.

### Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### Background

On September 17, 2004, Plaintiff, Jerry Lowe, was working to renovate an apartment building on 26th Street East in Huntington, West Virginia. After returning from the hardware store, he parked his truck across the sidewalk to unload supplies. Others, who were assisting him with the renovations, were also parked on or near the sidewalk in front of the building. Shortly after Lowe went into the building, Officer Randy Spears arrived. A business owner across the street from Lowe's apartments had complained the previous day about vehicles blocking the sidewalk and, upon seeing Lowe's truck and the other vehicles, Spears decided to issue parking tickets.

Lowe was in the building when Spears first arrived, but noticed him through the window and went outside. When Lowe reached the street, he saw Spears was writing tickets. Lowe protested, explaining that he was only parked there to unload and would move his truck shortly. Spears persisted in writing the tickets and told Lowe that there was nothing he could do. Lowe then began to complain. The parties dispute the extent to which Lowe colored his language with profanity and also the vehemence with which he argued; they agree, however, that at some point Spears advised Lowe to go back to the building . Lowe proceeded to the entrance and then yelled for everyone in the building to move their cars. At that point Spears declared he was fed up with Lowe and tired of his mouth. He grabbed Lowe's arm in an attempt to take Lowe into custody. The

plaintiff resisted by grabbing onto a door frame and pulling away, while yelling at the officer to take it easy because he was handicapped. Lowe managed to free himself and then ran inside the building.[1] Spears did not pursue. Other officers arrived on the scene and advised Spears to let Lowe go. Lowe was never placed under formal arrest nor taken to booking.

Lowe suffered an exacerbation of prior injury as a result of the incident. Years before the events in question Lowe injured himself at his workplace. Doctors performed surgery to repair his rotator cuff and nerves in his hand. After his altercation with Spears, the injuries worsened and Lowe underwent two additional surgeries.

Lowe filed suit against Spears and the City of Huntington in August 2006. He alleged constitutional claims under 42 U.S.C. § 1983 for (1) unlawful arrest; (2) excessive force; and; (3) unlawful retaliation. He also complained of various common law torts including (1) false arrest; (2)assualt; (3) battery; (4) outrage; and (5) abuse of process. The Court dismissed the claim for abuse of process, but the constitutional claims and other state law claims remain.

**Analysis**

**I.      Plaintiff's Evidence Does Not Show that Spears Violated Constitutional Safeguards.**

Spears claims that he is shielded from Lowe's § 1983 claims by virtue of qualified immunity. This doctrine serves to shield government officials from liability for civil damages while performing their discretionary duties so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For many years an evaluation of qualified immunity required a two-step

---

[1]There is a dispute about exactly how Lowe managed to get away. According to Spears, Lowe simply pulled away. Lowe contends that his father jumped on Officer Spears and assisted his escape. Spears strongly denies this, arguing that if anyone had jumped on him that person would have been taken to jail.

analysis: first, the court was to determine whether the facts demonstrated a constitutional violation; if so, the court next decided whether constitutional law was clearly established at the time of the violation. *See Saucier v. Katz*, 533 U.S. 194 (2001). Recently, the U.S. Supreme Court held that this approach was no longer mandatory. *Pearson v. Callahan,* 129 S.Ct. 808 (2009). While recognizing that the two-step approach would remain useful in some circumstances, the Court explained that "there will be cases in which a court will rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all." *Id* at 820. After *Pearson*, to find for a defendant asserting qualified immunity a court may determine either that the facts taken in the light most favorable to the plaintiff do not demonstrate a constitutional violation or that the law was not clearly established.

The *Pearson* Court also took time to point out the special nature of qualified immunity. It is "an immunity from suit rather than a mere defense to liability. . . it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 815 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Court then went on to stress "the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Here, Officer Spears shall be protected from continuing litigation because Plaintiff has failed to put forth evidence to demonstrate the violation of any constitutional right.

### A. Lowe's Arrest Was Lawful:  Probable Cause Existed; Spears's Subjective Intent Is Irrelevant.

The Fourth Amendment guarantees citizens the right to be free from unreasonable seizures. U.S. Const. amend. IV.  There can be no doubt in this case that Spears "seized" Lowe within the meaning of the Fourth Amendment.  An officer seizes a suspect by the "mere grasping or application

of physical force" along with the assertion of authority, whether or not he succeeds in subduing the suspect. *California v. Hodari* 499 U.S. 621, 624-25 (1991). The question at issue is whether this seizure was reasonable.

Spears commented that he was tired of Lowe's mouth as he grabbed the plaintiff to arrest him. Based principally upon this statement, Lowe argues that the arrest was not for illegal parking, but rather to quiet his criticism of the officer. He cites *City of Houston v. Hill,* 482 U.S. 451, (1987) for the proposition that an arrest on the basis of speech alone – even when that speech opposes or challenges police action – is unconstitutional. Spears argues that the reasonableness of the arrest must be based upon objective circumstances – not upon the subjective intent of the officer. He contends that because Spears witnessed Lowe parked illegally on the sidewalk, he had probable cause to arrest and his statement does not alter the reasonableness of the seizure. Based upon the existing caselaw, the Court must agree with Spears.

"[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (quoting *Whren v. U.S.* 517 U.S. 806, 814 (1996)) (emphasis in original). "[E]venhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." *Id.* (quoting *Horton v. California*, 496 U.S. 128, 138 (1990)). In other words, an arrest is reasonable if, "based on the facts known to the officer, objective probable cause existed as to *any* crime." *U.S. v. McNeill* , 484 F.3d 301, 311 (4th Cir. 2007) (emphasis in original) (citing *Devenpeck*, 543 U.S. at 154-55).

As this Court recently pointed out,

> the First Amendment does protect a citizen's right to criticize a police officer. *City of Houston*, 482 U.S. 451. An arrest supported by probable cause,

-5-

> however, does not become unlawful merely because the suspect questions or criticizes the officer. If probable cause exists, an argument that an arrestee's speech rather than the criminal conduct was the motivation for the arrest must fail. *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008).

*Revely v. City of Huntington,* No. 3:07-cr -648, slip op. at 10. *Devenpeck* makes clear that the reverse is also true. Because the subjective intent of an officer is irrelevant, if an officer has probable cause to arrest, his statements pertaining to motive will not invalidate the arrest.[2] 543 U.S. at 154-55. The relevant question thus becomes whether or not Spears had objective probable cause to arrest Lowe for any infraction.

West Virginia Code § 17C-13-3(a)(1) specifies that it is illegal to park a vehicle on the sidewalk:

> No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places: (1) On a sidewalk . . .

Under West Virginia law, "a peace officer may legally arrest, without a warrant, for a misdemeanor committed in his presence." *City of McMechen v. Fidelity and Casualty Co. of New York*, 116 S.E.2d 388, 392 (W.Va. 1960).

Officer Spears personally witnessed Lowe's truck parked across the sidewalk. This presented Spears with objective probable cause sufficient to support an arrest. Although an arrest for such a minor violation may not be typical, neither is it unreasonable under the law. *See Atwater*

---

[2]The Supreme Court's holding in *Devenpeck* quoted the standard articulated in *Whren*, 517 U.S. 806. *Whren* specifically rejected an argument that an officer's good faith factored into an analysis of reasonableness. *Id.* at 814-15. Even a pretextual arrest based on improper motive is reasonable if objective circumstances support a finding of valid probable cause. *See Bennett v. Booth*, 2005 WL 2211371 (S.D. W.Va. 2005) (Chambers, J).

*v. City of Lago Vista*, 532 U.S. 318 (2001) (upholding the reasonableness of an arrest for failure to wear a seat belt); *see also, Bennett v. Booth* 2005 WL 2211371 (upholding the reasonableness of an arrest for unlawfully displaying a "Friends of Police" emblem). Spears's statements notwithstanding, the officer had a legal right to arrest Lowe for his choice in parking location. Lowe's claim for unlawful arrest in violation of Fourth Amendment standards must fail.

### B. Officer Spears Used A Reasonable Amount of Force.

Encompassed within the Fourth Amendment right to be free from unreasonable seizure is the prohibition on use of excessive force by law enforcement officers. *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). Force is considered excessive when it exceeds the bounds of "objective reasonableness." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 399 (1989)). When reviewing a claim of excessive force a court must consider whether the force would have been reasonable based on the perspective of an officer on the scene, rather than with the "20/20 vision of hindsight." *Graham*, 490 U.S. at 396-97. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id.*

Generally, an officer is entitled to use "the amount of force that a reasonable officer would think necessary to take the person being arrested into custody." *Martin v. Gentile*, 849 F.2d 863, 869 (4th Cir. 1988). Officer Spears used not only a reasonable amount of force, but actually less than would have been necessary to take Lowe into custody. Although Lowe claims that Spears must have been aware of his handicap, because of a tag on the rearview mirror of his truck, there is no indication that Spears had knowledge of the type or extent of Lowe's handicap. More importantly, Lowe's handicap does not give him the freedom to avoid a lawful arrest. Unlike

Spears, Lowe certainly knew the details of his own disability. Rather than submit when Spears initiated the arrest, Lowe risked further injury by grabbing onto a door frame and pulling himself free. It is unfortunate that he was seriously hurt by the encounter, but Lowe himself bears the blame for the physical harm he suffered.

### C. Lowe's Retaliation Claim Fails Because Spears Had Probable Cause to Arrest.

"Retaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983. . . because retaliatory actions may tend to chill an individual's exercise of constitutional rights" *Am. Civil Liberties Union v. Wicomico County Maryland*, 999 F.2d 780, 785 (4th Cir. 1993). To analyze a claim for retaliation, the Court must first identify the constitutional right which has allegedly infringed. In this case, Lowe alleges that Spears unlawfully retaliated against him for his exercise of First Amendment rights – namely his criticism of the officer.

As the Court has already explained in the analysis of Lowe's Fourth Amendment claim for unlawful arrest, an arrest supported by probable cause does not become unlawful merely because the suspect questions or criticizes the officer. If probable cause exists, an argument that an arrestee's speech rather than the criminal conduct was the motivation for the arrest must fail. *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008). Because Spears had probable cause to arrest Lowe, and because Spears subjective motivation behind the arrest is irrelevant, Lowe's claim for unlawful retaliation based on the exercise of his First Amendment right to free speech cannot succeed.

Plaintiff has failed to proffer evidence to support his claimed deprivation of constitutional rights. As such, Officer Spears is entitled to immunity from suit and a grant of summary judgment upon these claims. Because the liability of the City of Huntington was premised on the underlying liability of Officer Spears, the City is entitled to summary judgment on these claims as well.

## II. State Law Claims

Having rejected the plaintiff's constitutional claims, four common law claims remain: (1) false arrest; (2) assault; (3) battery; (4) outrage. Just as Plaintiff has failed to put forth sufficient evidence to support his constitutional claims, so to has he failed in his pursuit of claims under West Virginia law. A grant of summary judgment is proper on all of the claims alleged against both Spears and the City of Huntington.

### A. Lowe's Common Law Claim for False Arrest Fails Along with His Constitutional Claim for Unlawful Arrest.

An action for false arrest by its very terms requires the absence of a lawful authority to arrest. *See Vorholt v. Vorholt*, 160 S.E. 916, 918 (W.Va. 1931); *Riffle v. Armstrong,* 477 S.E.2d 535, 549 (W.Va. 1996). Officer Spears had the authority to arrest Lowe pursuant to both West Virginia and federal law. *See City of McMechen*, 116 S.E.2d 388 (holding that an officer may arrest a person who commits a misdemeanor in his presence); *see also Atwater v. City of Lago Vista*, 532 U.S. 318 (2001) (upholding the reasonableness of an arrest for failure to wear a seat belt). The arrest was neither unreasonable nor unlawful.

### B. An Officer May Use Necessary Force to Arrest Even a Misdemeanant – Claims of Assault and Battery Cannot Survive.

Under West Virginia law, as under federal law an officer may use the amount of force necessary to bring an arrestee under his control. *See State ex rel. Mullins v. McClung,* 17 S.E.2d 621, 624 (W.Va. 1941) ("the arrest of a misdemeanant otherwise lawful may be effected by the use of necessary force, including the use of a club"); *see also, State v. Weisengoff*, 101 S.E. 450, 455-56 ("Resistance of the sheriff's lawful arrest was unlawful . . . when he refused to submit, it was the officer's right to continue his efforts, using such reasonable force as was necessary to subdue and

overcome the [arrestee's] efforts to escape."). There is no evidence that Spears used an excessive amount of force; claims of assault and battery cannot survive.

### C. The Arrest, Though Atypical, Was Not Outrageous.

In West Virginia, "the tort of outrage is synonymous with intentional or reckless infliction of emotional distress." *Williamson v. Harden*, 585 S.E.2d 369, 373 (W.Va. 2003) (citing *Travis v. Alcon Labs, Inc.* 504 S.E.2d 419, 424 (1998). To prevail a plaintiff must establish four elements,

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from the conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Id.* (quoting Syl. pt. 3 *Travis*, 504 S.E.2d 419). The tort has also been described as applicable to conduct,

> so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id.* (quoting *Tanner v. Rite Aid of West Virginia, Inc,* 461 S.E.2d 149, 157 (1995).

Although it may be atypical for an officer to arrest a perpetrator of a minor offense, the Court cannot say that such action was outrageous. As has already been explained, Officer Spears had the authority to take Lowe into custody. He acted pursuant to this authority and seized Lowe with a

reasonable amount of force. Spears actions were not so extreme as to exceed the bounds of decency or to be characterized as outrageous. There is no evidence on record to support a claim of outrage.

Lowe's state law claims must be denied for reasons similar to the denial of his federal claims. Because his arrest by Spears was supported by probable cause it was not unlawful. Spears was privileged to use a reasonable amount of force to effectuate the arrest, a standard which he did not exceed. He was well within the bounds of reasonableness and decency with his action. There is no evidence to support the state law claims alleged against him. Because liability of the City is dependent upon the liability of Spears, summary judgment must be granted to the City of Huntington as well.

## Conclusion

Lowe has failed to provide concrete evidence sufficient to support the alleged federal and state law claims. For this reason, as explained above, the Court **GRANTS** Defendants' motions for summary judgment (Docs. 59 and 62). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 15, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE